```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :   SEALED INDICTMENT

          -v.-                   :   08 Cr.

JOSE PENA,                       :
BALDEMAR ORTEGON,                :
NAHUM GOICOCHEA,                 :
GUADALUPE DE LA ROSA,            :
HECTOR ARCINIEGA,                :
JUAN YBARRA,
JOHN YBARRA, and                 :
SAMUEL BAUGHMAN,
                                 :
          Defendants.
                                 :
- - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-25-08

08 CRIM. 578

### COUNT ONE

The Grand Jury charges:

1. From in or about November 2006 through in or about December 2006, in the Southern District of New York and elsewhere, JOSE PENA, BALDEMAR ORTEGON, NAHUM GOICOCHEA, GUADALUPE DE LA ROSA, HECTOR ARCINIEGA, JUAN YBARRA, JOHN YBARRA, and SAMUEL BAUGHMAN, the defendants, together with others known and unknown, unlawfully, intentionally, and knowingly, did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that JOSE PENA, BALDEMAR ORTEGON, NAHUM GOICOCHEA, GUADALUPE DE LA ROSA, HECTOR ARCINIEGA, JUAN YBARRA, JOHN YBARRA, SAMUEL BAUGHMAN, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, five kilograms and more of mixtures and substances containing

a detectable amount of cocaine, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

Overt Acts

3.    In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York, and elsewhere:

a.    On or about December 1, 2006, NAHUM GIOCOCHEA, the defendant, traveled from the vicinity of 138th Street and Broadway in New York, New York, to New Jersey, in connection with the charged narcotics offense.

b.    On or about December 1, 2006, JOSE PENA, the defendant, made a telephone call to a coconspirator in connection with the charged narcotics offense.

c.    On or about November 10, 2006, BALDEMAR ORTEGON, JUAN YBARRA, and JOHN YBARRA, the defendants, purchased tools and equipment from a Home Depot in Secaucus, New Jersey, in connection with the charged narcotics offense.

d.    On or about December 1, 2006, BALDEMAR ORTEGON, JUAN YBARRA, and JOHN YBARRA, the defendants, purchased tools and equipment from a Home Depot in Edison, New Jersey, in connection with the charged narcotics offense.

e.    On or about December 1, 2006, JOHN YBARRA and JUAN YBARRA, the defendants, possessed knee pads and tools for the purpose of unloading approximately 475 kilograms of cocaine hidden inside a tractor-trailer, in Hackensack, New Jersey.

      f.    On or about December 1, 2006, JOSE PENA, BALDEMAR ORTEGON, NAHUM GOICOCHEA, GUADALUPE DE LA ROSA, HECTOR ARCINIEGA, JUAN YBARRA, and JOHN YBARRA, the defendants, assisted in the removal and unloading of approximately 475 kilograms of cocaine hidden inside a tractor-trailer, in Hackensack, New Jersey.

      g.    On or about December 1, 2006, SAMUEL BAUGHMAN, the defendant, drove a tractor-trailer loaded with approximately 475 kilograms of cocaine from Texas to New Jersey.

      (Title 21, United States Code, Section 846.)

### FORFEITURE ALLEGATION AS TO COUNT ONE

      4.    As a result of committing the controlled substance offense alleged in Count One of this Indictment, JOSE PENA, BALDEMAR ORTEGON, NAHUM GOICOCHEA, GUADALUPE DE LA ROSA, HECTOR ARCINIEGA, JUAN YBARRA, JOHN YBARRA, and SAMUEL BAUGHMAN, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds said defendants obtained directly or indirectly as a result of said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment, including but not limited to:

      a.    A sum in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offense alleged in Count One of this Indictment.

### Substitute Asset Provision

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    1. cannot be located upon the exercise of due diligence;

    2. has been transferred or sold to, or deposited with, a third person;

    3. has been placed beyond the jurisdiction of the Court;

    4. has been substantially diminished in value; or

    5. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 846 and 853.)

*[signature: Sherry Pecchioni]*
Foreperson

*[signature: Michael J. Garcia]*
MICHAEL J. GARCIA
United States Attorney

```
Form No. USA-33s-274 (Ed. 9-25-58)
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JOSE PENA,
BALDEMAR ORTEGON,
NAHUM GOICOCHEA,
GUADALUPE DE LA ROSA,
HECTOR ARCINIEGA,
JUAN YBARRA,
JOHN YBARRA, and
SAMUEL BAUGHMAN,

Defendants.

SEALED INDICTMENT

08 Cr.

(21 U.S.C. § 846.)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

*[signature]*
Foreperson.

*Filed indictment under seal. A/W issued.*
*SR*
*6/25/08*
*— Francis, J.*